IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Melissa Garcia** | § | Case No. 21-41548 |
| Last 4 Digits of Tax ID No.6904 | § | |
| 3941 Legacy Drive, 3941 Legacy Drive, Plano, TX 75023 | § | Chapter 13 |
| | § | |
| | § | |
| Debtor | § | |

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC AND MOTION FOR RELIEF FROM THE CO-DEBTOR STAY FILED BY U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST

On **November 30, 2021,** a MOTION FOR RELIEF FROM AUTOMATIC AND MOTION FOR RELIEF FROM THE CO-DEBTOR STAY (the "Motion") was filed by U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust (the "Movant") in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14)-day negative notice language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Motion has been timely filed by any party. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the MOTION FOR RELIEF FROM AUTOMATIC AND MOTION FOR RELIEF FROM THE CO-DEBTOR STAY filed by U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust on **November 30, 2021** is hereby **GRANTED** so as to authorize that pursuant to 11 U.S.C. § 362(d), an order terminating the automatic stay as to Movant, so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to commence foreclosure proceedings on the property and the right to proceed in unlawful detainer.

IT IS FURTHER ORDERED that the co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

IT IS FURTHER ORDERED THAT pursuant to 11 U.S.C. § 362(d)(4), that if recorded in compliance with applicable state laws governing notices of interest or liens in real property, is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of the order by the Court, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

***IT IS FURTHER ORDERED*** *that, since the Motion was unopposed by any party, the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to this Order.*